IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.        1:20-CV-01977-PAB-KMT

DELBERT SGAGGIO,
Plaintiff,

v.

MILES DE YOUNG,
CITY OF WOODLAND PARK,
CITY OF WOODLAND PARK EMPLOYEE JOHN DOE,
JOHN DOES 1-99

Defendants.

## DEFENDANTS DE YOUNG AND CITY'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT [ECF 20]

These Defendants, Miles De Young ("De Young") and City of Woodland Park ("City"), by and through their attorneys at Nathan Dumm & Mayer P.C., hereby submit their Reply to Plaintiff's Response to their Motion for Summary Judgment, with support as follows:

### REPLY CONCERNING UNDISPUTED FACTS[1]

1. This fact is undisputed, supported by competent evidence and material.

2. This fact is undisputed, supported by competent evidence and material.

3. This fact is undisputed, supported by competent evidence and material.

4. This fact is undisputed, supported by competent evidence and material.

5. This fact is undisputed, supported by competent evidence and material.

---

[1] Defendants note that Plaintiff failed to follow the Court's Practice Standards with respect to motions for summary judgment briefing. Plaintiff failed to include the required "Response to Statement of Undisputed Material Facts" and to specifically admit or deny Defendants' asserted material facts. PAB Civil Practice Standards F.3.b.iv. Defendants have done their best to comply with the Practice Standards despite Plaintiff's failure.

6. Plaintiff has conceded this fact and it is material. [*See* ECF 20, p. 2].

7. This fact is undisputed, supported by competent evidence and material.

8. Plaintiff has conceded this fact and its subparts, and they are material. [*See id.* at pp. 5, 7].

9. Plaintiff has conceded this fact, and it is material. [*See id.* at p. 4].

10. This fact is undisputed, supported by competent evidence and material.

11. This fact is undisputed, supported by competent evidence and material.

12. This fact is undisputed, supported by competent evidence and material.

13. This fact is undisputed, supported by competent evidence and material.

14. Plaintiff has conceded this fact, and it is material. [*See id.* at p. 5].

15. This fact is undisputed, supported by competent evidence and material.

16. This fact is undisputed, supported by competent evidence and material.

17. This fact is undisputed, supported by competent evidence and material.

18. This fact is undisputed, supported by competent evidence and material.

19. This fact is undisputed, supported by competent evidence and material.

20. Plaintiff has conceded this fact, and it is material. [*See id.*].

21. Plaintiff has conceded this fact, and it is material. [*See id.*].

22. This fact is undisputed, supported by competent evidence and material.

23. This fact is undisputed, supported by competent evidence and material.

24. This fact is undisputed, supported by competent evidence and material.

25. This fact is undisputed, supported by competent evidence and material.

26. This fact is undisputed, supported by competent evidence and material.

27. This fact is undisputed, supported by competent evidence and material.

28. This fact is undisputed, supported by competent evidence and material.

29. This fact is undisputed, supported by competent evidence and material.

30. This fact is undisputed, supported by competent evidence and material.

31. This fact is undisputed, supported by competent evidence and material.

32. This fact is undisputed, supported by competent evidence and material.

33. This fact is undisputed, supported by competent evidence and material.

34. This fact is undisputed, supported by competent evidence and material.

35. This fact is undisputed, supported by competent evidence and material.

36. This fact is undisputed, supported by competent evidence and material.

37. This fact is undisputed, supported by competent evidence and material.

38. This fact is undisputed, supported by competent evidence and material.

39. This fact is undisputed, supported by competent evidence and material.

40. This fact is undisputed, supported by competent evidence and material.

41. This fact is undisputed, supported by competent evidence and material.

42. This fact is undisputed, supported by competent evidence and material.

43. This fact is undisputed, supported by competent evidence and material.

44. Plaintiff has conceded this fact, and it is material. [*See id.* at p. 11].

## RESPONSE TO PLAINTIFF'S STATEMENT OF ALLEGED UNDISPUTED MATERIAL FACTS[2]

While none of Plaintiff's facts as alleged are material, to avoid a dispute, for purposes of this Motion only, these Defendants state as follows:

---

[2] As a preliminary matter, Plaintiff's Response contains no statement regarding dispute facts as set forth in the Court's Practice Standards. Plaintiff's "Statement of Undisputed Material Facts" contains unnumbered paragraphs. These Defendants treat each purported undisputed fact (excluding the headers in bold) separately.

1. Defendants do not dispute the posting of the video.

2. Defendants do not dispute the posting of the video.

3. Defendants do not dispute the testimony cited, although Plaintiff's description is not entirely accurate. Further, grant applications and receipt of grant money have no bearing on the legal issues ripe for review.

4. Defendants do not dispute the testimony cited. However, the possible use of grant money to compensate for overtime and comp pay has no bearing on the legal issues ripe for review.

5. Defendants do not dispute the testimony cited. However, the possible reallocation of grant money back to the state has no bearing on the legal issues ripe for review.

6. Defendants do not dispute the testimony cited. However, the possible reallocation of grant money back to the state has no bearing on the legal issues ripe for review.

7. Plaintiff misstates the cited testimony. Nonetheless, the Department's use of grant money has no bearing on the legal issues ripe for review.

8. Defendants do not dispute citations to a Court approved warrant. Regardless, the recognition of the odor of marijuana prior to the search has no bearing on the legal issues ripe for review.

9. Defendants do not dispute the description of the Court approved warrant. However, the absence of residents' names has no bearing on the legal issues ripe for review on summary judgment, and there is no dispute that the warrant's execution was lawful. Reply to Undisputed Material Facts (hereinafter "Facts"), *supra*, ¶ 1.

10. De Young's opinion regarding the smell of marijuana is a legal conclusion, not a fact. Even if this were a fact, it would have no bearing on the legal issues ripe for review.

11. De Young's opinion regarding the smell of marijuana is a legal conclusion, not a fact. Even if this were a fact, it would have no bearing on the legal issues ripe for review.

12. De Young's opinion on residents' privacy rights is a legal conclusion, not a fact. Even if this were a fact, it would have no bearing on the legal issues ripe for review.

13. De Young's opinion on a Colorado statute is a legal conclusion, not a fact. Even if this were a fact, it would have no bearing on the legal issues ripe for review.

14. Defendants do not dispute the cited testimony. However, the testimony has no bearing on the legal issues ripe for review. Marijuana is an illegal Schedule I drug under federal law, 21 U.S.C. § 812, and is regulated by state law, Colo. Const. Art. XVIII, § 16.

15. Defendants do not dispute that the officer who signed the warrant was a police officer. However, Plaintiff's assertions are incomplete, improperly presuppose assertions that are not accurate and have no bearing on the legal issues ripe for review.

16. Defendants dispute that Plaintiff is a "reporter" who has done "live broadcasts," as neither is supported by any competent evidence. *See* Fed. R. Civ. P. 56(c). There is no dispute that Plaintiff has undergone no training in journalism, has never been employed as a journalist, and has never received compensation for journalism. Facts, *supra*, ¶¶ 34-37.

17. Defendants dispute this purported fact because it is not supported by competent evidence. *See* Fed. R. Civ. P. 56(c). There is also no dispute that Plaintiff has undergone no training in journalism, has never been employed as a journalist, and has never received compensation for journalism. Facts, *supra*, ¶¶ 34-37.

18. Defendants dispute any inference Plaintiff is a journalist. There is no dispute that Plaintiff has undergone no training in journalism, has never been employed as a journalist, and has never received compensation for journalism. Facts, *supra*, ¶¶ 34-37.

19. Defendants do not dispute that Plaintiff was a volunteer editor for Wobble Me Media, but do dispute the characterization of it as a "media site," which is not supported by the record. [*See* ECF 20-5, 21:3-23:8].

20. Defendants dispute that Plaintiff used a "treasure trove of evidence," followed Colorado law, and the inaccurate characterization of his post as a "Free Press, journalistic story reply." Plaintiff's self-serving, unverified assertions are not proper evidence on summary judgment. *See Rohr v. Allstate Fin. Servs.*, 529 Fed. Appx. 936, 940 n.2 (10th Cir. 2013).

21. Defendants dispute this purported fact. Plaintiff's citation to the record is to his own deposition transcript. He did not testify that Defendant De Young was seeking legal advice or testify to how he would have personal knowledge as to this. [*See* ECF 20, p. 5 (citing Ex 7, 93:3-25, 94:1)]. Thus, the record does not establish this as a fact.

22. Defendants do not dispute Plaintiff's lack of re-posting, but the remainder is unsupported, self-serving opinion. [ECF 20, p. 5].

23. Defendants do not dispute that for a time Plaintiff was not able to post on the Police Department or City Facebook pages.

## LEGAL ARGUMENT

### A. Defendants did not violate Plaintiff's First Amendment right to free speech.

Plaintiff concedes that he used the words "pig," "terrorist," "ass", and "bitch" in his Facebook posts. [ECF 20, pp. 5, 7]. His argument that these words are per se constitutionally

protected does not hold water. First, these words are indeed indecent and/or obscene in reference to the police. There is no dispute that the Police Department and the City have policies in place to filter out such language from posts to its Facebook pages and that critical posts free of such language remained. Facts, *supra*, ¶¶ 13, 17, 25, 28. There is no dispute of fact that the community, including, children read these public Facebook pages. [*Id.* at ¶¶ 4-5]. Plaintiff's unsupported argument that these words are not obscene or indecent holds no evidentiary weight, [ECF 20 pp. 6-7], and goes against common sense. "Punk ass bitch" is not a literary turn of phrase. [*Id.* at p. 7]. It also is inaccurate to refer to the police as "terrorists," [*id.*], when there is no dispute that the execution of the search warrant was lawful, Facts, *supra*, ¶ 1.

Second, Plaintiff's proffered legal authority does not present the contemporary approach to obscenity in the Tenth Circuit. As Defendants set forth in their Motion, the Court's review is the limited categorical approach per *R.A.V. v. St. Paul*, 505 U.S. 377 (1992). [ECF 18, p. 9]. This decision distinguishes past Supreme Court jurisprudence on obscenity, including the 1973 *Miller v. California* decision. *R.A.V.*, 505 U.S. at 383. Further, the other older cases on which Plaintiff relies are not analogous to the present circumstances. [*See* ECF 20, pp. 5-6]. In the 1971 *Cohen v. California* decision, the U.S. Supreme Court held that California could not criminalize wearing a jacket with the words "Fuck the Draft" on it in a courthouse. 403 U.S. 15, 26 (1971). The fleeting nature of this speech, its use in a traditional public forum, and exposure to criminal penalty are not analogous with Plaintiff's posting of obscenity on a public Facebook page and its temporary removal from the page. Likewise, Plaintiff's other proffered legal authority concerns the imposition of criminal penalty for speech directed at police in person. [*See* ECF 20, pp. 5-6 (citing *Houston v. Hill*, 482 U.S. 451 (1987); *Lewis v. City of New Orleans*, 415 U.S. 130 (1974);

*Terminiello v. Chicago*, 337 U.S. 1(1949))]. Plaintiff was not subject to any criminal penalty, indeed, any penalty, but for the temporary removal of his speech. Facts, *supra*, ¶¶ 14, 18, 37.

### B.  Plaintiff's claim for punitive damages is irrelevant on summary judgment.

Plaintiff has put the cart before the horse with his punitive damages argument. [*See* ECF 20, pp. 8-10]. Defendants have properly moved for summary judgment as to all four of Plaintiff's claims. Fed. R. Civ. P. 56. If the Court finds that Plaintiff cannot prevail as a matter of law as to any or all of Plaintiff's claims, summary judgment is appropriate, regardless of whether Plaintiff seeks punitive damages. Fed. R. Civ. P. 56(a). Thus, Plaintiff's argument for punitive damages does not create a genuine dispute of fact regarding any of his claims.[3]

### C.  Plaintiff is not a member of the press.

Plaintiff argues that the fact that he does not hold any licensure regarding journalism is moot because the Constitution prohibits the requirement of a license to exercise his constitutional rights. [ECF 20, p. 10]. Plaintiff, however, misconstrues Defendants' argument. In order to be entitled to the constitutional protection of the press, Plaintiff must be a member of the press, regardless of licensure. *See* U.S. Const. 1st Am. The evidence in the record establishes that Plaintiff is not a member of the press. Plaintiff has no background in journalism and he did not perform any reporting as to the posts. Facts, *supra*, ¶¶ 34-43. His reliance on his association with "Wobble Me Media" does not create a genuine dispute regarding his journalistic bona fides. His volunteer contributions to a public Facebook page were prior to the subject posts. [*See* ECF 20-5, 21:8-14]. He pointed to no evidence in the record that he posted the subject posts on behalf of Wobble Me Media. [*See* ECF 20, pp. 10-11]. Nor that Wobble Me Media is a journalistic

---

[3] Defendants reserve the right to refute Plaintiff's punitive damages arguments and unfounded assertions about De Young in future motions practice or at trial.

endeavor. [*Id.*]. Further, his unsupported assertion that he is building a "multi media corporation," [ECF 20, p. 12], is belied by the record: he has no current employment in journalism and has never received compensation for journalism. Facts, *supra*, ¶¶ 34-35, 37.

### D. Plaintiff was not denied equal protection of the law.

Plaintiff has presented no legal or evidentiary rebuttal as to his equal protection claim. The undisputed evidence shows that Plaintiff's comments were removed because they were obscene and/or indecent. *Id.* at ¶¶ 13, 17-18. Two other individuals who posted critical posts were not removed because their posts were not obscene and/or indecent. *Id.* at ¶¶ 25, 28. These two other individuals are of unknown race and national origin. *Id.* at ¶¶ 26-27. Plaintiff's race and national origin were not known before his posts removal. Facts, *supra*, ¶¶ 31-33. Further, there is no evidence that De Young or the City acted with the requisite racial animus in removing the posts. *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1269 (10th Cir. 1989).

### E. Plaintiff was not chilled by the removal of his posts.

Plaintiff concedes in his Response that he has initiated other lawsuits against government officials for purported First Amendment violations. [ECF 20, p. 11]. These lawsuits show that he continued to engage in the very same conduct after the temporary removal of his posts. [ECF 18, pp. 16-17]. Plaintiff, therefore, cannot meet the "chilled" element for his claim for First Amendment retaliation and his claim necessarily fails on this basis. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

### F. De Young is entitled to qualified immunity.

Plaintiff failed to meet his heavy burden with respect to qualified immunity. *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1134 (10th Cir. 2016). He presented no argument or legal

authority establishing either of the two prongs in his Response. As Defendants set forth in their Motion, the law was not clearly established that De Young violated Plaintiff's constitutional right or rights under the circumstances alleged in this case. [ECF 18, pp. 17-19]. Thus, De Young is entitled to qualified immunity as to all claims asserted against him.

Accordingly, for the reasons stated herein and in their Motion, Defendants respectfully request that the Court grant their Motion for Summary Judgment and enter summary judgment in their favor on all claims.

Respectfully submitted this 29th day of June, 2021.

*s/Marni Nathan Kloster*
Marni Nathan Kloster
Nicholas C. Poppe
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO  80237-2776
Phone Number: (303) 691-3737
Fax: (303) 757-5106
*Attorneys for Miles De Young and City of Woodland Park*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2021, I electronically filed the foregoing **DEFENDANTS MILES DE YOUNG AND CITY OF WOODLAND PARK'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system. A copy was also sent via email and US mail to the following:

Delbert Sgaggio
1850 North Academy Boulevard
Colorado Springs, CO 80909
719-351-0801
Overclock420@hotmail.com


                                  *s/Alexandra Sanchez*
                                  Paralegal