IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 20–cv–01977–PAB–KMT

DELBERT SGAGGIO,

Plaintiff,

v.

MILES DE YOUNG,

CITY OF WOODLAND PARK,

CITY OF WOODLAND PARK EMPLOYEE JONN DOE, and

JOHN DOES 1–99,

Defendants.

## **OBJECTION** TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

I Delbert Sgaggio Pro SE **Object** to (Doc #24) RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE.

RMJ. Shall stand for RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE.

The press was to serve the governed, not the governors. The Government's power to censor the press was abolished so that the press would remain forever free to censure the Government. *New York Times Co. v. United States* P.403 U.S. 717.

### I object to Magistrate's wrongful inference that my speech is Obscene

The restrictions on Plaintiff's speech in this case do not run afoul of the First Amendment. He alleges that his freedom of speech was infringed because of the actions Defendant De Young and someone allegedly at the City took restricting his ability to post on certain Facebook pages after he used indecent and obscene language. Plaintiff used the words "pig," "terrorist," "ass," and "bitch" to refer to the police, and he baselessly and inaccurately accused the police of targeting sick children for personal profit. The evidence indicates there were policies in place prohibiting the use of indecent and obscene language and that Plaintiff's speech violated such policies. There is no genuine dispute of material fact that two other individuals who also responded on the Police Department's page with criticism of the

warrant's execution that were articulated with non-obscene language and, thus, not in violation of policy and did not have their posts removed. Thus, the evidence clearly establishes that the restrictions occurred solely because of Plaintiff's indecent and obscenity language, not because Defendant De Young or the City were trying to censor Plaintiff's posts about the warrant. (RMJ. Doc. # 24 P.10)

Our forefathers would piss their damn grave, if they knew a Magistrate in 2021 would consider, Pig, terrorist, ass, and bitch to be obscene. In 1776 none of these words were obscene.

Lets start off with Terrorist it seems like the most evil and obscene word in the whole bunch.  What would this word do to a child's young ears.   Videos on Facebook often show real death during accidents and or murders.   The nightly new shows horrific images yet they are not considered Obscene. [1]



How is the Associated Press allowed to use images like this and it is still consider journalism? Yet my use of the Word Terrorist is considered obscene. The word Terrorist is only considered obscene because it was used towards Woodland park police officers. That is View Point Discrimination.

---

[1] https://apnews.com/article/trials-derek-chauvin-minneapolis-racial-injustice-060f6e9e8b7079505a1b096a68311c2b

I went to the FBI Web site, I always thought the word terrorist was to describe criminals and criminal organizations. I was surprise that I didn't have to verify my age before accessing the page. I was also surprised to see the word terrorist so may times, I count nine times. The Damn Federal Government is just spreading Obscenity like its Covid. Oh I feel so dirty after seeing it. What about the kids?



I am not going to give examples of Pig, Bitch and Ass if the court really feels that these words are obscene nothing I can do will change the courts mind.

**I Object to the Strict Scrutiny.**

1. Strict Scrutiny Restriction of Plaintiff's speech because of his posts in response satisfies strict scrutiny. First, this restriction served a compelling government interest. The Facebook pages contain stories that are of interest to their community. The intended audience of these posts is the community, including children. Anyone on Facebook may read these pages and the comments thereon, including children. As such, the Police Department and the City had a compelling interest in regulating and preventing anyone from using indecent and/or obscene language visible to the community, including children. Sable Communications of Cal. v. FCC, 492 U.S. 115, 126 (1989) (holding there is a compelling interest to

protect children from obscenity and "from the influence of literature that is not obscene by adult standards"). (RMJ. Doc. # 24 P. 10, 11)

The narrowly tailored nature of the restrictions can be seen in their enforcement. Plaintiff's posts containing obscene and indecent language were restricted. Other posts expressing the same viewpoint of Plaintiff that did not contain offensive and indecent language were not restricted. Thus, the restrictions did not target viewpoints with which the government may disagree and were narrowly tailored to ferret out only obscene and indecent language. (RMJ. Doc. # 24 P.11)

I am going to tell you why this whole obscenity and Strict Scrutiny Doesn't hold a drop of water.

Defense Claims others were expressing the same viewpoint. I posted a link to the story showing Officers "targeting sick kids so they can get overtime pay." Others did not post this link, our viewpoints are not the same.



You can see in my post that were removed, they did contain links to the Woodland park Undergrounds story.



an opportunity to educate the residents on the laws regarding cultivation in Colorado instead of charging them for 1 plant.

We want to thank the public for their assistance in reporting suspicious activities or odors in their neighborhood and ask for their continued assistance and support. We would also like to thank the residents for their cooperation during the search warrant.

👍 Like      💬 Comment      ➢ Share

👍😆 37

2 shares

 **Delbert Sgaggio Jr.** https://www.facebook.com/WPUNDERGROUND/videos/2117904021784952/. You target sick kids to get your overtime pay.. That's why you are a pig.

17m   Like   Reply



(Doc 1 P.10)

 **Woodland Park Police Department's Post** ...

 **Delbert Sgaggio Jr.**
Why did you punk ass pigs remove my post. This is a pubic forum. I'm going to sue the chief of police, the city of Woodland Park, and whatever punk ass bitch remove my post. Your actions are unconstitutional and violation of federal law 18 usc 241,242.. see you pigs in Federal court..

16m   Like   Reply

**Delbert Sgaggio Jr.**
https://www.facebook.com/WPUNDERGROUND/videos/2117904021784952/. You target sick children to Enrich officers  with overtime pay.. dirty ass cops.

Just now   Like   Reply

Write a comment...

(Doc 1 P.12)

Also the following post was also removed where is the obscenity.



(Doc 1 P.20)

My post were removed because Defendants Did not agree with my view point. Posts without "alleged obscene words" like "pig , ass and bitch" were still removed. See above.

## My speech was protected and the law proves it.

contrary to the city's contention, the First Amendment protects a significant amount of verbal criticism and challenges directed at police officers. "Speech is often provocative and challenging. . . . [But it] is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *Terminiello* v. *Chicago*, 337 U.S. 1, 4 (1949).

*Houston v. Hill*, 482 U.S. 451, 461 (1987)

Its clear I was engaged in verbal criticism and challenges directed at police officers.

It also cannot be denied that even obscenities, are protected speech when those words are directed towards police officers. Also none of my posts contain obscenities.

In *Lewis* v. *City of New Orleans*, 415 U.S. 130 (1974), for example, the appellant was found to have yelled obscenities and threats at an officer who had asked appellant's husband to produce his driver's license. Appellant was convicted under a municipal ordinance that made it a crime "`for any person wantonly to curse or revile or to use obscene or opprobrious language toward or with reference to any member of the city police while in the actual performance of his duty.'" *Id.*, at 132 (citation omitted). We vacated the conviction and invalidated the ordinance as facially overbroad. Critical to our decision was the fact that the ordinance "punishe[d] only spoken words" and was not limited in scope to fighting words that "`by their very utterance inflict injury or tend to incite an immediate breach of the peace.'" *Id.*, at 133, quoting *Gooding* v. *Wilson*, 405 U.S. 518, 525 (1972); see also *ibid.* (Georgia breach-of-peace statute not limited to fighting words held facially invalid). Moreover, in a concurring opinion in *Lewis*, JUSTICE POWELL suggested that even the "fighting words" exception recognized in *Chaplinsky* v. *New Hampshire*, 315 U.S. 568 (1942), might require a narrower application in cases involving words addressed to a police officer, because "a properly trained officer may reasonably be expected to `exercise a higher degree of restraint' than the average citizen, and thus be less likely to respond belligerently to `fighting words.'" 415 U.S., at 135 (citation omitted).

*Houston v. Hill*, 482 U.S. 451, 461-62 (1987)

Police officers are held to a higher standard and me being critical of police actions are protected speech. The targeting of sick kids for overtime pay is a matter of public concern.

My words were in no way obscene.

Under *Houston v. Hill*, 482 U.S. 451, 461-62 (1987) and other cases I have sited in this objection, the G rated posts of mine that were removed are absolutely protected by the Constitution.   I am petitioning the government for redresses of grievances.  I am also engaged in Free Press.  A properly trained officer may reasonably be expected to `exercise a higher degree of restraint' than the average citizen.  My posts should not have been removed.

I object that the Magistrate, does not consider me a journalist.

 First Amendment Freedom of Press Claim

### **Delbert Sgaggio is a journalist**

The following two images and text are taken from my Response to Summary judgement (Doc. # 20 P. 3,4)

Delbert Sgaggio is a reporter, and has done live broadcasts dated July 17, 2017 from the wobble me facebook page. The video starts out with me saying " hey what's up this is Wobble me reporter Debo LIVE at the Aurora PD"

https://www.facebook.com/wobbleme1/videos/157439438930149/?__so__=channel_tab&__rv__=all_videos_card&redirect=false



Cora requests from 5/11/2017 show Delbert Sgaggio acting in his official capacity as Chief Editor of Wobble me Media in emails with the City of Colorado Springs.



**I object to Qualified Immunity**

I have stated plenty of Clearly established law in this objection.

I would also like to site a couple of articles/Blogs that seem to also back up my position.  Both are by Eugene Volokh who is Gary T. Schwartz Distinguished Professor of Law at UCLA.

I adopt these arguments in to my objection.

https://reason.com/volokh/2022/02/01/calling-police-officer-pig-terrorist-punk-ass-and-bitch-in-facebook-comments-is-obscene-and-unprotected-by-the-first-amendmen/

These are his thoughts:

[1.] None of this is "obscenity." "Whatever else may be necessary to give rise to the States' broader power to prohibit obscene expression, such expression must be, in some significant way, erotic." The Court held that in *Cohen v. California* (1971) (as to Cohen's "Fuck the Draft" jacket), and that remains true today; nothing in *R.A.V.* changed that, or the holding of *Miller v. California* (1973) to much the same effect.

[2.] The potential presence of children reading the Police Department page doesn't change this analysis. Indeed, in *Erznoznik v. City of Jacksonville* (1975), the Court struck down (under strict scrutiny) an ordinance barring drive-ins from displaying films that contain nudity. The city argued that it had a compelling interest in shielding children, but the court rejected that. Indeed, it applied the *Cohen* reasoning that obscenity even as to minors "must be, in some significant way, erotic," and added that, "In most circumstances, the values protected by the First Amendment are no less applicable when government seeks to control the flow of information to minors." And I suspect that there were more minors riding in cars or walking on city streets near drive-in theaters than there are minors reading the city police department Facebook page.

*FCC v. Pacifica Foundation* (1977) did uphold restrictions on nonerotic use of "indecent" vulgarities (defined as references to "sexual and excretory activities and organs") on over-the-air broadcast radio and television, partly because of the presence of minors. But *Reno v. ACLU* (1997) made clear that this doesn't apply to other media, such as the Internet. And in any event, such vulgarities aren't covered by the "obscenity" doctrine, and there's no reason to think that "terrorist" or "pig" (or even "ass" or "bitch") would fit within that indecency category, even if it applied beyond over-the-air radio and television. (The vulgarities viewed as indecent in *Pacifica* were "shit, piss, fuck, cunt, cocksucker, mother-fucker, and tits.")

[3.] The Free Press Clause indeed doesn't give any extra protection here beyond that offered by the Free Speech Clause—but not because Sgaggio is somehow not a professional journalist. The Free Press Clause shields all who use mass communications technology to speak to the public, and not just professional journalists (see this article for more). As the Supreme Court has recognized, "The press in its historical connotation comprehends every sort of publication which affords a vehicle of information and opinion," including solo leafleters, regardless of whether those leafleters had any journalistic temperament or credentials.

[4.] Now actually a city might have some authority to restrict material on its web page, but on a theory that the Report and Recommendation didn't even mention: the "limited public forum" doctrine. It may well be that the comment section on a city-run web page is a "limited public forum" in which reasonable viewpoint-neutral restrictions (enforced merely through removal of offending posts) are permitted. And a clear and narrow restriction on vulgarities, such as "fuck," might be constitutional (see this post for more on that).

But a restriction on calling the police "terrorists" or "pigs" isn't viewpoint-neutral; those terms are insulting, but they are insulting precisely because of the viewpoint they convey. "Terrorist" in this context conveys the opinion that the person being criticized is acting in morally reprehensible ways. (The Report and Recommendation says "it is inaccurate to refer to the police as 'terrorists,' when there is no dispute that the execution of the search warrant was lawful"; but of course this isn't a matter of factual accuracy—"terrorist" isn't being used literally—but of moral judgment.) "Pig" conveys the viewpoint that police officers deserve contempt.

A restriction on "ass" might be viewpoint-neutral, though I'm not sure that it would be reasonable, given that "ass" is just being used as an intensifier here ("punk ass" and "dirty ass" don't really refer to butts, or for that matter to donkeys). A restriction on "bitch" might be viewpoint-neutral, too, though that's a complicated question.

But in any event, the opinion doesn't get into this in detail, because it doesn't recognize that the limited public forum doctrine would be the relevant rule. And again, there's no reason to think that the prohibition of "terrorist" and "pig" here were viewpoint-neutral.

The plaintiff, who is representing himself, may file objections to the report and recommendations; I hope he does.

In another blog they speak on the actions of the Magistrate cutting and copying her Recommendation.

https://reason.com/volokh/2022/02/03/judges-decision-finding-criticisms-of-police-obscene-was-mostly-copied-from-citys-briefs/

But reader Michael Kaufmann adds a procedural detail: It turns out that the Magistrate Judge's First Amendment analysis was copied, entirely and nearly verbatim, from the defendants' motion for summary judgment and the city's reply to plaintiff's response. The motion had been pending for seven months, and the report and recommendation on the motion was released the day the Magistrate Judge retired.

### **In conclusion**

I asked the court to deny the magistrates recommendation (Doc. # 24), and allow me to move forward with a jury trial, so that punitive damages can be determine by a jury. That my constitutional injuries may be compensated. Thank you.

Respectfully submitted on 2/14/2022

By: s/ Delbert Sgaggio DELBERT SGAGGIO

1850 North Academy Blv.

Colorado Springs Colorado 80909

Overclock420@hotmail.com

719 351 0801

CERTIFICATE OF SERVICE I hereby certify that on February 14, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will serve a copy on all CM/ECF participants and I will serve a copy via email to By:

s/Marni Nathan Kloster

Marni Nathan Kloster

Nicholas C. Poppe

NATHAN DUMM & MAYER P.C.

7900 E. Union Avenue, Suite 600

Denver, CO 80237-2776

Phone Number: (303) 691-3737

Fax: (303) 757-5106

Attorneys for Miles De Young and City of Woodland Park