**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.       1:20-CV-01977-PAB-KMT

DELBERT SGAGGIO,
Plaintiff,

v.

MILES DE YOUNG,
CITY OF WOODLAND PARK,
CITY OF WOODLAND PARK EMPLOYEE JOHN DOE,
JOHN DOES 1-99

Defendants.

---

**DEFENDANTS DE YOUNG AND CITY'S REPONSE IN OPPOSITION TO MOTION OF FIREARMS POLICY COALITION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDATION [ECF 27]**

---

These Defendants, Miles De Young and City of Woodland Park, by and through their attorneys at Nathan Dumm & Mayer P.C., hereby submit their Response in Opposition to the Motion of Firearms Policy Coalition for Leave to File Brief *Amicus Curiae* in Support of Plaintiff's Objections to the Magistrate Judge's Recommendation, and in support thereof state as follows:

## <u>INTRODUCTION</u>

Defendants oppose granting leave to the Firearms Policy Coalition ("Firearms Policy") to submit an amicus curiae brief for a number of reasons. As a threshold matter, the Motion should be denied and/or stricken because counsel for Firearms Policy failed to make reasonable, good efforts to confer with defense counsel, as required by the Local Rules. In addition to this

procedural issue, the Motion fails substantively on three grounds. First, Firearms Policy, as demonstrated by the inclusion of its counsel's arguments in the Objection, seeks to act as an advocate of Plaintiff, rather than a friend to the Court. Second, Firearms Policy, as an organization dedicated to protecting the Second Amendment right to bear arms, does not have a compelling interest in participating in this entirely unrelated First and Fourteenth Amendments lawsuit. Third, Firearms Policy's proposed brief advances duplicative arguments and its only other argument relies on non binding authority.

## LEGAL ARGUMENT

### 1.  Standard of Review

The district court has discretion in determining whether to allow a person or entity to participate in a lawsuit as an amicus curiae. *Ctr. for Biological Diversity v. Jewell*, Civil Action No. 16-cv-01932-MSK-STV, 2017 U.S. Dist. LEXIS 215881, *3 (D. Colo. May 16, 2017) (citations omitted). Because there is no rule promulgated by the Tenth Circuit or Federal Rules of Civil Procedure governing proposed amici curiae to the district court, these courts often look to Federal Rule of Appellate Procedure 29. *Id.*; *Endrew F. v. Douglas Cty. Sch. Dist. RE 1*, Civil Action No. 12-cv-02620-LTB, 2017 U.S. Dist. LEXIS 189776, *3 (D. Colo. Nov. 16, 2017); *see also U.S. v. Tao*, 499 F. Supp. 3d 940, 972 (D. Kan. 2020); *Am. Humanist Ass'n v. Maryland-National Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D.MD. 2014).

"Under Rule 29, a person or entity may participate as amicus curiae if it has an interest in the case, the matters it seeks to address are relevant, and its participation is desirable." *Biological Diversity*, 2017 U.S. Dist. LEXIS 215881, *3-4. Factors bearing on the court's consideration include: "(1) whether the proposed amicus is a disinterested entity; (2) whether there is

opposition to the entry of the amicus; (3) whether a party is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and (5) perhaps most importantly, the usefulness of information and argument presented by the potential amicus curiae to the court." *Endrew*, 2017 U.S. Dist. LEXIS 189776, *3-4 (citing *U.S. v. Bd. of Cty. Comm'rs*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015), *aff'd sub nom. U.S. v. Bd. of Cty. Comm'rs*, 843 F.3d 1208 (10th Cir. 2016), *cert. denied sub nom. Bd. of Cty. Comm'rs v. U.S.*, 138 S. Ct. 84 (2017)).

### 2. The Motion should be denied and/or stricken because of Firearms Policy's counsel's failure to sufficiently confer with defense counsel.

As an initial matter, Defendants object to this Motion because counsel for Firearms Policy did not sufficiently confer with defense counsel. The Local Rules requires that "[b]efore filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter." D.C.COLO.LCivR 7.1(a). In the Motion, Firearms Policy states that "[c]ounsel for FPC have reached out to the parties. Plaintiff has consented to the filing of this brief, and Defendant has not responded." [ECF 27, p. 2]. This conferral statement, however, elides Firearms Policy's counsel's lack of reasonable, good faith efforts to actually confer with defense counsel.

Before filing the Motion, counsel for Firearms Policy purportedly sent one email to defense counsel. This email was not received by defense counsel because the email was not actually sent to a valid email address associated with either defense counsel. Given that Plaintiff has corresponded repeatedly with defense counsel during the pendency of this lawsuit, defense counsel's valid email addresses are clearly identified in pleadings filed with this court and

contact can be made through defense counsel's law firm's website, there was ample ways to properly contact defense counsel through a valid email address. Defense counsel also did not receive any telephone calls or other written correspondence from counsel for Firearms Policy regarding conferral on the Motion. Defense counsel's telephone numbers and firm mailing addresses are in their entries of appearances and signature blocks, as well as their attorney registrations. Consequently, counsel for Firearms Policy failed to reasonably comply with their conferral obligations under the Local Rules and the Motion should be denied and/or stricken on this ground.

   **3.   Firearms Policy's participation as an amicus curiae would not sufficiently aid the Court.**

       *a.   Firearms Policy seeks to advocate for Plaintiff, not help the Court.*

Firearms Policy should be denied leave to participate as an amicus curiae because it appears to only seek to advocate on Plaintiff's behalf. This is not the role of an amicus curiae. "An individual or entity that participates as amicus curiae, which means 'friend of the court', is not a party in the litigation." *Biological Diversity*, 2017 U.S. Dist. LEXIS 215881, *3. In other words, "an amicus curiae's purpose is to submit briefing that will assist the court, but not duplicate or advocate for a party in the suit." *Endrew*, 2017 U.S. Dist. LEXIS 189776, *5 (citing *Newark Branch, N.A.A.C.P. v. Town of Harrison*, 940 F.2d 792, 808 (3rd Cir. 1991)).

In his Objection, Plaintiff dedicates the closing two pages to the arguments of Mr. Volokh, an attorney for Firearms Policy.[1] [*See* ECF 26, pp. 11-13]. Mr. Volokh's legal analysis appears to have been not only directly inserted into the Objection, but also incorporated into the

---

[1] Defendants will shortly raise an objection to this improper interpolation of a non-party's legal argument in their Response to the Objection, filed under separate cover.

argument Plaintiff presents as his own in the Objection. The four points Plaintiff labels and copies from Mr. Volokh frame the Objection. [*See generally id.*]. Mr. Volokh's first point is "[n]one of this is 'obscenity,'" and Plaintiff argues the same in the preceding pages including stating "[m]y words were in no way obscene." [*E.g.*, *id.* at pp. 8, 11]. Mr. Volokh's second point is "[t]he potential presence of children regarding the Police Department page doesn't change this analysis," and this is also echoed by Plaintiff in the preceding pages, including when he argues sarcastically that the word "terrorist" would not offend a "child's young ears." [*E.g.*, *id.* at pp. 2, 11]. Mr. Volokh's third point, Plaintiff is an alleged professional journalist, is Plaintiff's point too in the preceding pages. [*See id.* at pp. 9-10, 12]. Mr. Volokh's fourth point, the Magistrate Judge did not conduct the viewpoint analysis, is likewise incorporated by Plaintiff in the preceding pages, including when he states that "[o]thers did not post this link, our viewpoints are not the same." [*E.g.*, *id.* at pp. 4, 12]. Finally, the Objection itself is evidence that Plaintiff merely followed Mr. Volokh's advice: "The plaintiff, who is representing himself, may file objections to the report and recommendations; I hope he does." [*Id.* at p. 12].

        In other words, it is clear that Mr. Volokh, either directly or indirectly, has already assisted Plaintiff on the Objection.  Consequently, Firearms Policy is not actually a disinterested entity.  Also, since the same arguments were already made by Plaintiff, the parties are clearly capable of making the arguments without the assistance of an amicus and the amicus would not be useful.  As such, the request for an amicus filing is nothing more than Firearms Policy and Plaintiff's attempt at a second bite at the apple. The Court should decline to permit such.

   *b. Firearms Policy is interested in Second, not First, Amendment protection.*

   Firearms Policy does not have a compelling interest in participating in this lawsuit, which solely involves Plaintiff's alleged First Amendment and Fourteenth Amendment rights to post obscene and offensive speech about the City of Woodland Park Police's lawful execution of a search warrant in its jurisdiction. In the case *Biological Diversity*, Judge Krieger denied a motion for leave to appear as amici in part because the movants lacked a compelling interest in the case's outcome. 2017 U.S. Dist. LEXIS 215881, *5-6. The Court should do the same here.

   In its Motion, Firearms Policy claims a significant interest in this case because the speech of its members "whether on firearms-related topics or otherwise . . . could be materially affected by the outcome of this case." [ECF 27, p. 2]. Firearms Policy is an organization located in California. https://www.firearmspolicy.org/contact (requesting mail be sent to California address). Even if the Court were to adopt the Recommendation, this opinion would not be binding upon Californians in their District Courts or in the Ninth Circuit more generally.[2] Moreover, in the Motion, Firearms Policy identifies no members who live in Colorado, much less Woodland Park, Colorado. [*See* ECF 27]. Firearms Policy also does not claim that Plaintiff is a member of its organization. [*See id.*]. Further, Firearms Policy identifies no litigation to which it is a party or amicus that concerns the First and/or Fourteenth Amendment at issue in this litigation.

   As is clear from Firearms Policy's name and its mention of speech "on firearms-related topics" in its Motion, it is an organization concerned about the Second Amendment, not the First Amendment. This focus is also clear from the organization's website.

---

[2] Furthermore, if this case were to be appealed to the Tenth Circuit or U.S. Supreme Court, Firearms Policy would have additional opportunities to request leave to file an amicus brief.

https://www.firearmspolicy.org/contact. The top of the front page of the website features a large image of two women carrying guns next to the text "Stand For Freedom!" *Id.* Below this is an explanation of how this organization aims to protect the right to bear arms under the Second Amendment: "FPC is a coalition of hundreds of thousands of Patriots organizing to take back our Constitution and defend the inalienable, fundamental, and individual right to keep and bear arms." *Id.* Then, immediately below, the website states "[s]upport gun rights and ensure a victory for the Second Amendment in 2021!" *Id.* Scrolling farther down, the front page has a tripartite action plan on how to defend the Second Amendment and "[s]tay up-to-date on the latest firearms news and commentary." *Id.* Finally, the bottom of the page repeats the same images of armed women next to the text "[w]e're standing up for gun rights in 2022 – are you?" *Id.* Firearms Policy is focused on protecting the Second Amendment and that Amendment only.

Given Firearms Policy's focus, it is too great a leap to conclude that a local Colorado case concerning one individual's temporary restrictions on his speech on the City of Woodland Park and its police department's Facebook pages are of interest to Firearms Policy and its members. As Judge Krieger found in *Biological Diversity*, the Court should thus decline to grant leave to a proposed amicus curiae with no compelling interest at stake in the outcome of this lawsuit.

  c. *Firearms Policy's proposed brief relies on duplicative briefing and non binding authority.*

Turning to the proposed amicus brief itself, Firearms Policy's arguments would not help the Court. First, as discussed above, Plaintiff has already made these arguments in his Objection. Plaintiff argued that his comments were not obscene, he is a member of the press entitled to constitutional protection, and the alleged viewpoint-based restriction of Defendants violated his

right to free speech. [*See generally* ECF 26]. These arguments have not only been briefed in connection with Plaintiff's Objection, but also in the underlying summary judgment briefing. Because these arguments are duplicative and extensively briefed, the proposed brief will not help the Court and weighs against granting leave, as Judge Babcock found in *Endrew*, 2017 U.S. Dist. LEXIS 189776, *5.

Additionally, as is perhaps not surprising for an out-of-state organization, Firearms Policy's arguments rely in part on extra-jurisdictional opinions. Firearms Policy's first argument, restrictions on speech on government social media is presumptively invalid, which appears to be the only new argument in the proposed brief, is not helpful to the Court because it does not rely on binding U.S. Supreme Court and/or Tenth Circuit jurisprudence. Instead, Firearms Policy relies on opinions from the Fourth Circuit, the District of New Mexico, and the Fifth Circuit. [ECF 27, pp. 4-5]. This authority will not help the Court, and it, incidentally, proves Defendants' argument that the caselaw binding upon this Court does not consider restrictions on speech on a governmental entity's social media page to be presumptively violative of the First Amendment.

Because Firearms Policy's proposed brief has not set forth arguments based in binding caselaw that are not duplicative, its Motion should be denied.

## **CONCLUSION**

**WHEREFORE,** for the reasons set forth herein, Firearms Policy does not satisfy any, let alone all, of the required elements for a pertinent amicus.  Therefore, Defendants respectfully request that the Court deny Firearms Policy's Motion.

Respectfully submitted this 22nd day of February, 2022.

*s/Marni Nathan Kloster*

Marni Nathan Kloster
Nicholas C. Poppe
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO  80237-2776
Phone Number: (303) 691-3737
Fax: (303) 757-5106
*Attorneys for Miles De Young and City of Woodland Park*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2022, I electronically filed the foregoing **DEFENDANTS DE YOUNG AND CITY'S REPONSE IN OPPOSITION TO MOTION OF FIREARMS POLICY COALITION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDATION [ECF 27]** with the Clerk of Court using the CM/ECF system. A copy was also sent via email and US mail to the following:

Delbert Sgaggio
1850 North Academy Boulevard
Colorado Springs, CO 80909
719-351-0801
Overclock420@hotmail.com

Eugene Volokh
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
eugene.volokh@gmail.com

Matthew Larosiere
Firearms Policy Coalition
1215 K Street, 17th Floor
Sacramento, CA 95814
(916) 378-5785
mla@fpchq.org


*s/Kirstin Baker*
Paralegal