IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.     1:20-CV-01977-PAB-KMT

DELBERT SGAGGIO,
Plaintiff,

v.

MILES DE YOUNG,
CITY OF WOODLAND PARK,
CITY OF WOODLAND PARK EMPLOYEE JOHN DOE,
JOHN DOES 1-99

Defendants.

**DEFENDANTS DE YOUNG AND CITY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [ECF 26]**

These Defendants, Miles De Young ("De Young") and City of Woodland Park ("City"), by and through their attorneys at Nathan Dumm & Mayer P.C., hereby submit their Response in Opposition to Plaintiff's Objection to Recommendation of United States Magistrate Judge, and in support thereof state as follows:

**INTRODUCTION**

Plaintiff uses his Objection as an opportunity to rehash the same arguments regarding his claims for free speech and freedom of the press, and his opposition to qualified immunity. He provides practically no new evidence or legal argument in support of his Objection. The Magistrate Judge properly recommended dismissal of these claims and granted qualified immunity. Plaintiff is also barred from objecting to the Magistrate Judge's recommendation of dismissal of his equal protection and retaliation claims because he did not specifically object to

them in his Objection. Further, the non-parties whose arguments Plaintiff inserts whole cloth into his Objection are improper and must be ignored and/or stricken. Because the Magistrate Judge's recommendation is proper and factually and legally well supported, it should be adopted by this Court.

## LEGAL ARGUMENT

### 1. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Tenth Circuit has found that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Glaser v. City & Cnty. of Denver*, 557 F. App'x 689, 697 (10th Cir. 2014) (quoting *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010)) (alteration in *Glaser*). Indeed, "[u]nder this rule, 'the failure to make timely objection waives . . . appellate review of both factual and legal questions.'" *Glaser*, 557 F. App'x at 697 (quoting *Casanova*, 595 F.3d at 1123) (alteration in *Glaser*).

**2. The Magistrate Judge properly recommended granted Defendants' motion for summary judgment on Plaintiff's free speech and freedom of the press claims, as well as qualified immunity.**

In his Objection, Plaintiff unsuccessfully attempts to challenge the Magistrate Judge's findings on his claims for free speech, freedom of the press, and the defense of qualified

immunity. For the following reasons, the Magistrate Judge's findings on these issues should be adopted.

      a. *The Magistrate Judge properly found that Plaintiff's speech was obscene and Defendants' conduct satisfied strict scrutiny.*

In the Objection, Plaintiff, intentionally or unintentionally, uses more obscene and indecent language, as well as an unnecessary photograph to argue his speech was *not* obscene. [*See* ECF 26, pp. 1 – 8]. Plaintiff argues that "[o]ur forefathers would piss their damn grave, if they knew a Magistrate in 2021 would consider, Pig, terrorist, ass, and bitch to be obscene. In 1776 none of these words were obscene." [*Id.* at 2]. Plaintiff's unsupported assertion is incorrect. [*See id.*]. These are obscene and indecent words, especially when applied to specific police officers without any supporting factual basis. [ECF 24, p. 10]. Plaintiff chose this obscene language to insult the police officers' lawful execution of a search warrant. [*Id.*]. The City's social media policy identified these posts due to the words' obscene and indecent nature.[1] [*Id.*]. Others who expressed the same viewpoint—the police officers allegedly acted wrongfully in executing the search warrant—without obscene language, were not blocked. [*Id.*].

Controlling law supports that Plaintiff's speech is obscene and indecent and, as such, entitled to a lower level of protection. As the Magistrate Judge found, the U.S. Supreme Court's opinion in *R.A.V. v. St. Paul*, 505 U.S. 377 (1992) sets forth this lower level of protection in the form of the limited categorical approach. The Magistrate Judge quoted approvingly this excerpt from *R.A.V.*: "When the basis for the content discrimination consists entirely of the very reason

---

[1] For purposes of this Response only, Defendants view the facts found by the Magistrate Judge in the light most favorable to the Plaintiff, as they did in the summary judgment briefing. Defendants in no way, however, waive their right to contest any or all of these facts if there is a trial.

the entire class of speech at issue is proscribable, no significant danger of idea or viewpoint discrimination exists." [ECF 24, p. 10 (quoting *R.A.V.*, 505 U.S. at 388)].

In his Objection, Plaintiff provides no caselaw issued after the *R.A.V.* decision. [*See* ECF 26, pp. 8-9]. Instead, he just re-pastes from his prior briefing quotations from opinions issued in 1987 and earlier. [*Compare* ECF 20, pp. 5-6 (quoting *Houston v. Hill*, 482 U.S. 451, 461-62 (1987); *Lewis v. City of New Orleans*, 415 U.S. 130 (1974); *Terminiello v. Chicago*, 337 U.S. 1, 4 (1949), *with* ECF 26, pp. 8-9 (same)]. Plaintiff provides no legal analysis for why these opinions controvert the latter *R.A.V.* decision. [*See* ECF 26, pp. 8-9]. Further, as the Magistrate Judge found, these opinions are distinguishable on the facts of this case: Plaintiff was temporarily prohibited from posting only on two Facebook pages and chose not to express his opinions via the other social media he used at the time; he faced no criminal penalty for this restriction and suffered no monetary damages. [*See* ECF 24, p. 12].

Finally, the Magistrate Judge correctly concluded that restriction of Plaintiff's obscene and indecent language satisfied strict scrutiny. [ECF 24, pp. 10-11]. Plaintiff does not challenge in his Objection that strict scrutiny is the proper standard or that the Magistrate Judge applied the wrong test for the standard. [*See* ECF 26, pp. 3-8]. Instead, he appears to argue that the Defendants' conduct failed to satisfy strict scrutiny because the others who posted criticism of the police did not hold the same viewpoint as him. [*See id.* at pp. 4-5]. This is nonsensical. "Viewpoint" for purposes of analyzing freedom of speech under the First Amendment does not mean "identical speech." "Viewpoint" means "particular views taken by speakers on a subject" with a "specific motivating ideology . . . opinion or perspective." *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 829 (1995). Thus, the fact that Plaintiff and other

individuals expressed the same opinion—criticism of the police—in different words does not mean that their viewpoints differed. Further, Plaintiff's insistence that his posts were removed because "Defendants Did not agree with my view point," [ECF 26, p. 8], is belied by the still uncontroverted evidence that posts with the same viewpoint were not removed, but which did not contain obscene words, were not affected. [ECF 24, p. 11].

The Magistrate Judge correctly applied the controlling U.S. Supreme Court precedent and correctly held that Defendants were entitled to summary judgment on Plaintiff's free speech claim.

> b. *The Magistrate Judge properly found that Plaintiff was not a member of the press.*

Plaintiff continues to contend that he is a journalist—despite his lack of journalistic education, training, employment, and conduct—and therefore entitled to protection as a member of the press. [*See* ECF 26, pp. 9-10]. This remains untrue.

As the Magistrate Judge found, "[t]he undisputed facts show that Plaintiff did not make the Facebook posts in question as a member of the press." [ECF 24, p. 13]. "Plaintiff made these posts via his own private Facebook account[]," "[h]e did not perform any type of research that a journalist would perform," "the posts do not reflect an editorial process[]," he did not work to verify the accuracy of his statements, and he chose not "to comment on the search warrant's execution on a different Facebook page or via any other media in which he had accounts." [*Id.* at pp. 13-14]. The Magistrate Judge further appropriately found that Plaintiff lacked journalistic experience and expertise. [*Id.* at p. 14].

Plaintiff fails to rebut the Magistrate Judge's findings. In his Objection, he merely alleges that he did one Facebook live broadcast one year prior to the posts, made one Colorado Open

Records Act (CORA) request one year prior to the posts, and referred to himself in this same time period as, variously, a "reporter" and "chief editor" of Wobble Me Media. [*See* ECF 26, pp. 9-10]. As Defendants stated in their underlying Reply, for purposes of this briefing, Defendants "do not dispute that Plaintiff was a volunteer editor [or now reporter] for Wobble Me Media, but do dispute the characterization of it as a 'media site,' which is not supported by the record." [ECF 22, p. 6 (citing ECF 20-5, 21:3-23:8)]. The Magistrate Judge is correct that "Plaintiff cannot call himself a member of the press merely because he commented, without any personal knowledge, research or editorial process, about law enforcement on Facebook[]" because doing so "would nullify the meaning of the word 'press' and the constitutional protection afforded it." [ECF 24, p. 14].

This Court, therefore, should adopt the Magistrate Judge's finding that "Plaintiff . . . has failed to establish that he is entitled to such First Amendment free press protection, and summary judgment should be granted in the defendants' favor on this claim." [*Id.*].

   c. *The Magistrate Judge properly found that Defendant De Young was entitled to qualified immunity.*

The Magistrate Judge recommended that Defendant De Young was entitled to qualified immunity because there were no constitutional violations. [*Id.* at p. 18]. Plaintiff does not specifically object to this finding and so waives any objection to it. *See Glaser*, 557 F. App'x at 697. If there are no constitutional violations, the inquiry into qualified immunity necessarily ends there. *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1134-35 (10th Cir. 2016) (citations omitted). Thus, the Magistrate Judge properly granted Defendant De Young qualified immunity.

Plaintiff's sole[2] argument in his Objection as to this defense is that he has "stated plenty of Clearly established law in this objection," [ECF 26, p. 11], is irrelevant because it does not go to the requisite first prong, a constitutional violation, *see A.M.*, 830 F.3d at 1134-35. Further, Plaintiff appears to have misunderstood what "clearly established" means for purposes of a qualified immunity analysis. Precedent is "clearly established" when it is "particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam) (internal quotation marks and citation omitted). Nowhere in his Objection does Plaintiff cite caselaw having to do with the restriction of social media posting. The three cases he does cite pre-date the twenty-first century. [ECF 26, pp. 8-9 (citing *Houston*, 482 U.S. at 461-62; *Lewis*, 415 U.S. 130; *Terminiello*, 337 U.S. at 4)]. None of these cases clearly establish that restricting individuals from posting obscene and/or indecent language on the Facebook page of the police or a city violates the First or Fourteenth Amendment. *See Houston*, 482 U.S. at 461-62; *Lewis*, 415 U.S. 130; *Terminiello*, 337 U.S. at 4.

For these reasons, the Court should adopt the Magistrate Judge's finding that "Defendant should be granted qualified immunity on the claims." [ECF 24, p. 18].

### 2. Plaintiff waived review of the Magistrate Judge's findings as to his equal protection and retaliation claims.

As set forth in the Standard of Review section above, Plaintiff must "file specific written objections to the proposed findings and recommendations," Fed. R. Civ. P. 72(b)(2), and the failure to do so constitutes waiver of any objection thereto, *Glaser*, 557 F. App'x at 697. In the present case, Plaintiff has waived any right to object to the Magistrate Judge's findings regarding

---

[2] Plaintiff attempts to incorporate the arguments of the amicus' counsel. [*See* ECF 26, pp. 11-13]. As discussed below in subsection 3, this incorporation is improper and must be ignored and/or stricken.

his claims for equal protection and retaliation because he failed to make any specific objection as to these claims in his Objection. [*See generally* ECF 26].

For the equal protection claim, the Magistrate Judge found that "there is no evidence that [Plaintiff] was treated differently than similarly situated persons who are not of Asian descent." [ECF 24, p. 15]. The Magistrate Judge, therefore, concluded that "[b]ecause there is no evidence establishing that Plaintiff was treated differently because of his race or national origin, his equal protection [claim] fails, and Defendants are entitled to summary judgment on the claim." [*Id.* at p. 15]. These findings are supported by the facts and law, and should be adopted by this Court.

Likewise, for the retaliation claim, the Magistrate Judge found that Plaintiff failed to establish the requisite constitutional violation or chilling effect. [*Id.* at 16]. Per the Magistrate Judge, Plaintiff failed to alleged a violation of his right to free speech. [*Id.*]. Plaintiff also was not chilled from exercising his right to free speech because "[t]here is no evidence that Plaintiff stopped or even abated from voicing his criticism of the police because of the restrictions on his speech." [*Id.*]. "Thus," the Magistrate Judge found, "Defendants are entitled to summary judgment in their favor on Plaintiff's retaliation claim." [*Id.* at 17].

### 3. The Court must ignore and/or strike Plaintiff's improper attempt to incorporate the arguments of others on the briefing and Recommendation.

Plaintiff improperly ends his Objection directly quoting from other non-parties' legal assertions. Specifically, Plaintiff utilizes Mr. Volokh's two blog posts on the website Reason.com regarding the briefing and Recommendation and in his second blog post incorporated the comments of an individual identified as "reader Michael Kaufmann." [*See* ECF 26, pp. 11-13]. These non-parties' arguments, cut and pasted into pages 11 through 13, of the

Objection are, at best, arguments of improper amici curiae and as such must be ignored and/or stricken.

As the District of New Mexico has explained, "[h]istorically, amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *WildEarth Guardians v. Lane*, No. CIV 12-118 LFG/KBM, 2012 U.S. Dist. LEXIS 189661, *4-5 (D.N.M. June 20, 2012) (citation omitted). As literally a "friend of the court," an amicus curiae cannot act as ersatz counsel for a party. *Endrew F. v. Douglas Cty. Sch. Dist. RE 1*, Civil Action No. 12-cv-02620-LTB, 2017 U.S. Dist. LEXIS 189776, *5 (D. Colo. Nov. 16, 2017) (citing *Newark Branch, N.A.A.C.P. v. Town of Harrison*, 940 F.2d 792, 808 (3rd Cir. 1991)) ("[A]n amicus curiae's purpose is to submit briefing that will assist the court, but not duplicate or advocate for a party in the suit."); *see also Bramhall v. Gill*, Case No. 2:19-cv-00477, 2021 U.S. Dist. LEXIS 213529, *4 (D. Utah Nov. 3, 2021) (finding improper amicus curiae's ghostwriting of one party's brief); *JPMorgan Chase Bank, N.A. v. Fletcher*, Case No. 06-CV-624-GKF-SAJ, 2008 U.S. Dist. LEXIS 1069, *4 (N.D. Okla. Jan. 7, 2008) ("The new argument is improper in that it places the proposed amicus in the position of an additional counsel for the defendant rather than a friend of the Court."). Because an amicus curiae is not a party to the case, they cannot "file any pleadings or motions in the case." *United States v. Bd. of Cnty. Comm'rs of Otero*, 184 F. Supp. 3d 1097, 1117 (D.N.M. 2015) (citation omitted). Likewise, "[a]n amicus cannot initiate, create, extend, or enlarge issues." *Id.* (citation omitted).

Only Plaintiff can argue on his own behalf in this lawsuit. *U.S. v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) (quoting 28 U.S.C. § 1654) ("Federal law authorizes parties to 'plead and conduct their own cases personally or by counsel.'"). Neither Mr. Volokh nor Mr. Kaufmann are parties to the lawsuit. Nor have one or both of them entered an appearance on behalf of Plaintiff. *See* D.C.COLO.LAttyR 5(a). It is unknown if Mr. Kaufmann is even an attorney. If he is not an attorney, his arguments in a court filing are unauthorized practice of law. *See Dietrich Corp. v. King Resources Co.*, 596 F.2d 422, 426 (10th Cir. 1979) (explaining that providing legal services without admission to jurisdiction is the unauthorized practice of law). If he is a law student or an attorney who is not registered to practice law in this U.S. District of Colorado, he must gain such admission or request the Court's leave before practicing law in the form of preparing briefing. D.C.Colo.LAttyR 3, 5(a), 14, 15(a); *Bramhall*, 2021 U.S. Dist. LEXIS 213529, *4 (finding amicus who was not an attorney registered in the court's district was engaged in unauthorized practice of law).

Mr. Volokh and Matthew Larosiere have filed a motion for leave for Firearms Policy Coalition to appear as an amicus curiae in this lawsuit. That motion is pending before this Court.[3] At the time of the filing of Plaintiff's Objection, neither Mr. Volokh as an individual nor his client have been granted leave to appear as an amicus curiae. Furthermore, as with Mr. Kaufmann, it would be improper for Mr. Volokh to practice law in this District without the proper admission or Court leave. D.C.Colo.LAttyR 3, 5(a), 14, 15(a); *Bramhall*, 2021 U.S. Dist. LEXIS 213529, *4.

---

[3] Defendants are filing a response to this motion under separate cover.

Consequently, the Court should ignore and/or strike pages 11 through 13 of Plaintiff's Objection to the extent that they are (ghost)written by Mr. Volokh and/or Mr. Kaufmann.

Moreover, none of the arguments or cases cited actually provide a legitimate basis for overcoming the well reasoned analysis by the Magistrate Judge.

## CONCLUSION

**WHEREFORE,** for the reasons set forth in this Response, as well as those in the Defendants Motion for Summary Judgment [ECF 18] and Reply thereto [ECF 22], Defendants respectfully request that the Court adopt the Recommendation of the Magistrate Judge [ECF 24] in its entirety and order dismissal of the pending lawsuit.

Respectfully submitted this 23rd day of February, 2022.

*s/Marni Nathan Kloster*
Marni Nathan Kloster
Nicholas C. Poppe
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO  80237-2776
Phone Number: (303) 691-3737
Fax: (303) 757-5106
*Attorneys for Miles De Young and City of Woodland Park*

-12-

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of February, 2022, I electronically filed the foregoing **DEFENDANTS DE YOUNG AND CITY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [ECF 26]** with the Clerk of Court using the CM/ECF system. A copy was also sent via email and US mail to the following:

Delbert Sgaggio
1850 North Academy Boulevard
Colorado Springs, CO 80909
719-351-0801
Overclock420@hotmail.com

                                          *s/Alexandra Sanchez*
                                          Paralegal